**Surinder SINGH, aka Parmjit Singh Sadhara, aka Barjinder Singh Virk, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–72402.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Maleeha Haq, Rai & Associates, San Francisco, CA, Hardeep Singh Rai, Hardeep S. Rai, San Francisco, CA, for Petitioner.

OIL, Manuel Palau, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Depart-

ment of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Surinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where the motion was filed more than two years after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996–97 (evidence was immaterial in light of prior adverse credibility determination).

In denying Singh's motion to reopen, the BIA determined the evidence he presented was inherently not believable and thus there was no adequate basis for granting the untimely motion. Singh does not challenge the BIA's dispositive finding that his evidence was inherently unbelievable. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cally raised and argued in party's opening brief are waived).

We lack jurisdiction to review the BIA's discretionary decision declining to exercise its sua sponte authority under 8 C.F.R. § 1003.2(a). *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.